UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SHIRLEY MILLER, SANDRA FOWLER, GELSOMINA
ACIERNO, LINDA ALFONSO, MARGARET ALINI,
CATHY ALIPERTI, THERESA ALSTON, MARITZA A.
APOLITO, ADA APONTE, MAGDALINE ARCE,
ELEESHA AUSTIN-WAITHE, CYNTHIA E. AVILEZ,
MARISOL AYALA, BRAIDWATIE BAIJU, PRISCILLA
BAKER, BERNARDINE BALESTRIERE, BETTY
BANG, EVELYN BARRIERA, DOROTHY BARSILICO,
ANDREA BATISTE, STEPHANIE BATTAGLIA-
JENNINGS, AMINA BEGUN, ACELITA BENITEZ,
GRACE ANN BILLOTTO, ALTONIA BILYNCH,
ANGELICA N. BLAKE, LISA BONNER, ELIZABETH
BONOMOLO, DOLORIS BRADLEY, SHONDA
BRADSHAW, TONI BRODA, ROBERTA BROWN,
DORETTE E. BURTON, BEVEAN CABRALIS-
BRIDGES, JANETTE CALLENDER, ITZI CARRILLO,
PAMELA CASEY, AGNES CASEY, MONIQUE
CASTRO, MICHELE CATALANO, MARIBEL
CEDENO, YASHIRA CENTENO, JENNIFER CERO,
JUANITA CHAMPAGNE, MEI CHEN, TOBIE CHILDS,
YOLANDA J. CLOWNEY, LATARSHA A. COOKE,
NADINE CORDES, LISA COSTIGLIACCI, REGINA
COTTO, MARY COX, MARCELLA CRUZ, DEBBIE
DANIEL, ETI DAS, YOMAYRA DELEON, REINA
DELGADO, MIRIAM E. DIAZ, SURUJDEI DILCHAND,
FANKA DROP, MICHELLE DUNSTON, CYNTHIA
EDWARDS, ROSE ELLISON, RODAID ESCLAVA,
FANNY ESTEVEZ, SHEILA FAULKNER, CAROL A.
FEHRMAN, OMEQUA FELL, SANDRA FERNANDEZ,
DENISE FERRENTINO, BARBARA M. FLEMING, J.
MIRIAM FLORES, LORETTA S. FOSTER, MICHELE
FREDERICK, CAROLINE GABEL, DHARMATTEE
GAFFOOR, LUZBY SOFIA GALLEGO, BRENDA
GASPARO, LILLIAN GATES, AURILDA GERENA,
CARMEN GERENA, LAURA GIAMMARINO,
THERESA GODDEN, SANDRA GOMEZ, BASILIA
PICHARDO GONZALEZ, MARIBEL GONZALEZ,
JULIA GOODWINE, RENEE D. GREEN, RITA
GRIMAUDO, CYNTHIA HAIR, TASEAN HAYWARD,
JOSEPHINE HENRY, SALLY HERNANDEZ, QUETA
HERNANDEZ, MARINA HERNANDEZ, KATHLEEN
HORN, LUTCHMIN HORRIPERSAD, NICOLE
HYPPOLITE, DENISE JACKSON, TANYA JILLY, KIM

15 Civ. 7563


**COMPLAINT –
COLLECTIVE AND
CLASS ACTION**

**JURY TRIAL DEMANDED**

A. JOHNSON, SHARLONE JONES, DORIS JONES,
NECLA F. KASAL, FRANCES KIKIS, RACHEL KING,
HATTIE KIRK, DIANA LABRA, SANDY LEE, HELEN
LEWIS, ROSA LIRANZO, REDDI LOGANADEN,
PAULINE V. LOMAX, DEBRA LOMAX, ANTOINETTE
Y. LONG, ELIZABETH LOPEZ, EILEEN LORENZO,
MARIE LUGO, ELUCIA MAIORINI, ANITA
MALENDEZ, MARYANN MALLOY, TERESA
MANCINO, BEATRICE MANIGO, CARMELA
MANISCALCO, LEONORA MARQUES, MERIYEN
MARQUEZ, GLORIANN MARTINEZ, GAIL MASON,
VANESSA MCDONALD, DONNETTE MCFARLANE,
LATOYA MCPHATTER, CECILIA MENDEZ,
ROSALINA MERCEDES, CATHERINE MEREDITH,
EILEEN E. MERJAVE, ROSINA MIELLO, NEREIDA
MIRANDA, LINDA MITCHELL, WANDA MOLINA,
SANDRA MONSALVE, ARLINDA MONTEIRO,
WANDA MORALES, GODA MOUSTAFA, PATRICIA
R. MUNRO, DULEE NARZAN, DOLORES A.
NAUGHTON, MARIE NELSON, LEONORA NUNEZ,
MARIA ORTIZ, JEANNIE PABON, IRIS PABON,
ZOFIA PALADINO, ANGELA PALAZZO, MARGARET
PANDOLFINI, MARIA PAPAYIANNIS, JENNY
PARRA, PATRICIA  PARRELLA, CORA PARRISH,
MIGDALIA PEREZ, OLGA I. PEREZ, FRANCINE
PIRO, KENDALL PITTMAN, ANTOINETTE
PORCELLO, PATRICIA PORTIS, HOPAL POWELL,
MARY  PRATTI, GRETA QUINN, WANDA RANDALL,
JEAN M. REIRDON, KEISHA T. RICE, CANDACE
RICHMOND, ELLEN RIGOSI, MARITZA RIVERA-
DONALD, ROSAE L. RIVIERA, NELLY RODRIGUEZ,
MYRIAM ROJAS, INGRID B. ROLDAN, CARMEN
ROMAN, DENISE ROSARIO, DORIS ROYAL,
LUCINDA O. SANCHEZ, JESSICA SANDERS,
MARGIE SANTIAGO, TASHAWN SCOTLAND, ELLEN
B. SEKULSKI, CONSTANCE SENETAS, JENNY
SEWNANAN, DENISIA SIMON, JESSIE SMITH,
FELIDA SMITH, SHARON SMITH, DONNA SPADY,
ROSEANN SPERO, ANGELA SPINELLI, INGRID
THOMAS ST. CLAIR, CALLIOPI STAMOULIS, JONI
STIRLING, RENEE STOKLEY, HANNA TAVERAS,
NATIMA TAYLOR, PATRICIA THOMPSON, IVONNE
TORRES, CARMEN L. TORRES, CORINNA CASIANO
TORRES, KATHRYN TURCHIN, KELLY
UNDERWOOD, SUJERY VALENTIN, ELSA B.
VARGAS, MARIANELA VAZQUEZ, MAYRA VEGA,

DEBORAH VIERA, MICHELLE WHITE, ANGELA
WIECHELS, SHIRLEY WILLIAMS, MARY R.
WILLIAMS, GERALDINE WILLIAMS, JUSTINE
WILLIAMS, MARY WILSON, JOAN WILSON, and
CONTYSHA WRIGHT, individually and on behalf
of others similarly situated,

                              Plaintiffs,

          -against-

CITY OF NEW YORK,

                              Defendant.
-------------------------------------------------------------------X

     Plaintiffs Shirley Miller, Sandra Fowler, Gelsomina Acierno, Linda Alfonso, Margaret

Alini, Cathy Aliperti, Theresa Alston, Maritza A. Apolito, Ada Aponte, Magdaline Arce,

Eleesha Austin-Waithe, Cynthia E. Avilez, Marisol Ayala, Braidwatie Baiju, Priscilla Baker,

Bernardine Balestriere, Betty Bang, Evelyn Barriera, Dorothy Barsilico, Andrea Batiste,

Stephanie Battaglia-Jennings, Amina Begun, Acelita Benitez, Grace Ann Billotto, Altonia

Bilynch, Angelica N. Blake, Lisa Bonner, Elizabeth Bonomolo, Doloris Bradley, Shonda

Bradshaw, Toni Broda, Roberta Brown, Dorette E. Burton, Bevean Cabralis-Bridges, Janette

Callender, Itzi Carrillo, Pamela Casey, Agnes Casey, Monique Castro, Michele Catalano,

Maribel Cedeno, Yashira Centeno, Jennifer Cero, Juanita Champagne, Mei Chen, Tobie Childs,

Yolanda J. Clowney, Latarsha A. Cooke, Nadine Cordes, Lisa Costigliacci, Regina Cotto, Mary

Cox, Marcella Cruz, Debbie Daniel, Eti Das, Yomayra Deleon, Reina Delgado, Miriam E. Diaz,

Surujdei Dilchand, Fanka Drop, Michelle Dunston, Cynthia Edwards, Rose Ellison, Rodaid

Esclava, Fanny Estevez, Sheila Faulkner, Carol A. Fehrman, Omequa Fell, Sandra Fernandez,

Denise Ferrentino, Barbara M. Fleming, J. Miriam Flores, Loretta S. Foster, Michele Frederick,

Caroline Gabel, Dharmattee Gaffoor, Luzby Sofia Gallego, Brenda Gasparo, Lillian Gates,

Aurilda Gerena, Carmen Gerena, Laura Giammarino, Theresa Godden, Sandra Gomez, Basilia

Pichardo Gonzalez, Maribel Gonzalez, Julia Goodwine, Renee D. Green, Rita Grimaudo,

Cynthia Hair, Tasean Hayward, Josephine Henry, Sally Hernandez, Queta Hernandez, Marina

Hernandez, Kathleen Horn, Lutchmin Horripersad, Nicole Hyppolite, Denise Jackson, Tanya

Jilly, Kim A. Johnson, Sharlone Jones, Doris Jones, Necla F. Kasal, Frances Kikis, Rachel King,

Hattie Kirk, Diana Labra, Sandy Lee, Helen Lewis, Rosa Liranzo, Reddi Loganaden, Pauline V.

Lomax, Debra Lomax, Antoinette Y. Long, Elizabeth Lopez, Eileen Lorenzo, Marie Lugo,

Elucia Maiorini, Anita Malendez, Maryann Malloy, Teresa Mancino, Beatrice Manigo, Carmela

Maniscalco, Leonora Marques, Meriyen Marquez, Gloriann Martinez, Gail Mason, Vanessa

McDonald, Donnette McFarlane, Latoya McPhatter, Cecilia Mendez, Rosalina Mercedes,

Catherine Meredith, Eileen E. Merjave, Rosina Miello, Nereida Miranda, Linda Mitchell, Wanda

Molina, Sandra Monsalve, Arlinda Monteiro, Wanda Morales, Goda Moustafa, Patricia R.

Munro, Dulee Narzan, Dolores A. Naughton, Marie Nelson, Leonora Nunez, Maria Ortiz,

Jeannie Pabon, Iris Pabon, Zofia Paladino, Angela Palazzo, Margaret Pandolfini, Maria

Papayiannis, Jenny Parra, Patricia  Parrella, Cora Parrish, Migdalia Perez, Olga I. Perez,

Francine Piro, Kendall Pittman, Antoinette Porcello, Patricia Portis, Hopal Powell, Mary  Pratti,

Greta Quinn, Wanda Randall, Jean M. Reirdon, Keisha T. Rice, Candace Richmond, Ellen

Rigosi, Maritza Rivera-Donald, Rosae L. Riviera, Nelly Rodriguez, Myriam Rojas, Ingrid B.

Roldan, Carmen Roman, Denise Rosario, Doris Royal, Lucinda O. Sanchez, Jessica Sanders,

Margie Santiago, Tashawn Scotland, Ellen B. Sekulski, Constance Senetas, Jenny Sewnanan,

Denisia Simon, Jessie Smith, Felida Smith, Sharon Smith, Donna Spady, Roseann Spero, Angela

Spinelli, Ingrid Thomas St. Clair, Calliopi Stamoulis, Joni Stirling, Renee Stokley, Hanna

Taveras, Natima Taylor, Patricia Thompson, Ivonne Torres, Carmen L. Torres, Corinna Casiano

Torres, Kathryn Turchin, Kelly Underwood, Sujery Valentin, Elsa B. Vargas, Marianela

Vazquez, Mayra Vega, Deborah Viera, Michelle White, Angela Wiechels, Shirley Williams,

Mary R. Williams, Geraldine Williams, Justine Williams, Mary Wilson, Joan Wilson, and

Contysha Wright, for their Complaint against Defendant, by their undersigned attorneys, allege

as follows:

## <u>INTRODUCTION</u>

1.      This is an individual, class and collective action for injunctive, monetary and

other relief brought by School Crossing Guards who were employed by the City of New York, to

set right the effects of decades long economic mistreatment directed at the City's School

Crossing Guards, who are predominately female and are treated unfairly because they are

women.

2.      School Crossing Guards, are paid significantly less than Level II Traffic

Enforcement Agents ("TEA IIs") of the New York City Police Department's Traffic

Enforcement Division ("TED").  TEA IIs perform substantially equal work requiring equal skill,

effort and responsibility as School Crossing Guards, to wit, the direction of traffic at

intersections and/or congested traffic bottlenecks in lieu of or supplemental to traffic direction

given by signals and or signage, to provide for the safe transit of motorists, bicyclists, and

pedestrians.

3.      Despite the similarities in their duties, the one class of City employees which is

predominately staffed by males, TEA IIs, are paid significantly more per hour and annually than

School Crossing Guards who are predominately female.

4.     This disparity in pay has been knowingly carried out by the City, which has shown a reckless disregard to the large disparity in pay between male and female employees who carry out the same duties.

## JURISDICTION AND VENUE

5.     The jurisdiction of this Court is invoked pursuant to the Equal Pay Act of the FLSA, 29 U.S.C. § 206, *et seq*., and Sections 1331 and 1367 of Title 28 of the United States Code.  This Court's pendent jurisdiction is also invoked.

6.     This action is brought in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7.     Plaintiff Shirley Miller is a resident of New York, New York, and serves as the School Crossing Guards chairperson for NYC Board of Education Employees Local 372, AFSCME.

8.     Plaintiff Sandra Fowler is a resident of New York, New York, and serves as Sergeant at Arms for NYC Board of Education Employees Local 372, AFSCME.

9.     Plaintiff Gelsomina Acierno is a resident of Brooklyn, New York.

10.     Plaintiff Linda Alfonso is a resident of Brooklyn, New York.

11.     Plaintiff Margaret Alini is a resident of Brooklyn, New York.

12.     Plaintiff Cathy Aliperti is a resident of Forest Hills, New York.

13.     Plaintiff Theresa Alston is a resident of Bronx, New York.

14.     Plaintiff Maritza A. Apolito is a resident of Astoria, New York.

15.     Plaintiff Ada Aponte is a resident of Long Island City, New York.

16.     Plaintiff Magdaline Arce is a resident of Brooklyn, New York.

17.     Plaintiff Eleesha Austin-Waithe is a resident of Brooklyn, New York.

18.     Plaintiff Cynthia E. Avilez is a resident of Brooklyn, New York.

19.     Plaintiff Marisol Ayala is a resident of Brooklyn, New York.

20.     Plaintiff Braidwatie Baiju is a resident of Jamaica, New York.

21.     Plaintiff Priscilla Baker is a resident of Brooklyn, New York.

22.     Plaintiff Bernardine Balestriere is a resident of Brooklyn, New York.

23.     Plaintiff Betty Bang is a resident of New York, New York.

24.     Plaintiff Evelyn Barriera is a resident of Brooklyn, New York.

25.     Plaintiff Dorothy Barsilico is a resident of Sunnyside, New York.

26.     Plaintiff Andrea Batiste is a resident of Bronx, New York.

27.     Plaintiff Stephanie Battaglia-Jennings is a resident of Brooklyn, New York.

28.     Plaintiff Amina Begun is a resident of Brooklyn, New York.

29.     Plaintiff Acelita Benitez is a resident of New York, New York.

30.     Plaintiff Grace Ann Billotto is a resident of Brooklyn, New York.

31.     Plaintiff Altonia Bilynch is a resident of New York, New York.

32.     Plaintiff Angelica N. Blake is a resident of New York, New York.

33.     Plaintiff Lisa Bonner is a resident of Brooklyn, New York.

34.     Plaintiff Elizabeth Bonomolo is a resident of Brooklyn, New York.

35.     Plaintiff Doloris Bradley is a resident of Brooklyn, New York.

36.     Plaintiff Shonda Bradshaw is a resident of Brooklyn, New York.

37.     Plaintiff Toni Broda is a resident of Sunnyside, New York.

38.     Plaintiff Roberta Brown is a resident of Brooklyn, New York.

39.     Plaintiff Dorette E. Burton is a resident of Brooklyn, New York.

40.     Plaintiff Bevean Cabralis-Bridges is a resident of Staten Island, New York.

41.     Plaintiff Janette Callender is a resident of Brooklyn, New York.

42.     Plaintiff Itzi Carrillo is a resident of New York, New York.

43.     Plaintiff Pamela Casey is a resident of Brooklyn, New York.

44.     Plaintiff Agnes Casey is a resident of Brooklyn, New York.

45.     Plaintiff Monique Castro is a resident of New York, New York.

46.     Plaintiff Michele Catalano is a resident of Brooklyn, New York.

47.     Plaintiff Maribel Cedeno is a resident of New York, New York.

48.     Plaintiff Yashira Centeno is a resident of New York, New York.

49.     Plaintiff Jennifer Cero is a resident of Forest Hills, New York.

50.     Plaintiff Juanita Champagne is a resident of Brooklyn, New York.

51.     Plaintiff Mei Chen is a resident of Brooklyn, New York.

52.     Plaintiff Tobie Childs is a resident of New York, New York.

53.     Plaintiff Yolanda J. Clowney is a resident of Corona, New York.

54.     Plaintiff Latarsha A. Cooke is a resident of New York, New York.

55.     Plaintiff Nadine Cordes is a resident of Brooklyn, New York.

56.     Plaintiff Lisa Costigliacci is a resident of Brooklyn, New York.

57.     Plaintiff Regina Cotto is a resident of Bronx, New York.

58.     Plaintiff Mary Cox is a resident of Jackson Heights, New York.

59.     Plaintiff Marcella Cruz is a resident of Brooklyn, New York.

60.     Plaintiff Debbie Daniel is a resident of New York, New York.

61.     Plaintiff Eti Das is a resident of East Elmhurst, New York.

62.     Plaintiff Yomayra Deleon is a resident of Bronx, New York.

63.     Plaintiff Reina Delgado is a resident of Staten Island, New York.

64.     Plaintiff Miriam E. Diaz is a resident of Bronx, New York.

65.     Plaintiff Surujdei Dilchand is a resident of Queens, New York.

66.     Plaintiff Fanka Drop is a resident of New York, New York.

67.     Plaintiff Michelle Dunston is a resident of Corona, New York.

68.     Plaintiff Cynthia Edwards is a resident of New York, New York.

69.     Plaintiff Rose Ellison is a resident of Brooklyn, New York.

70.     Plaintiff Rodaid Esclava is a resident of Forest Hills, New York.

71.     Plaintiff Fanny Estevez is a resident of New York, New York.

72.     Plaintiff Sheila Faulkner is a resident of Bronx, New York.

73.     Plaintiff Carol A. Fehrman is a resident of Sunnyside, New York.

74.     Plaintiff Omequa Fell is a resident of New York, New York.

75.     Plaintiff Sandra Fernandez is a resident of New York, New York.

76.     Plaintiff Denise Ferrentino is a resident of Brooklyn, New York.

77.     Plaintiff Barbara M. Fleming is a resident of Far Rockaway, New York.

78.     Plaintiff J. Miriam Flores is a resident of Astoria, New York.

79.     Plaintiff Loretta S. Foster is a resident of Brooklyn, New York.

80.     Plaintiff Michele Frederick is a resident of Bronx, New York.

81.     Plaintiff Caroline Gabel is a resident of Forest Hills, New York.

82.     Plaintiff Dharmattee Gaffoor is a resident of Richmond Hill, New York.

83.     Plaintiff Luzby Sofia Gallego is a resident of Woodside, New York.

84.     Plaintiff Brenda Gasparo is a resident of Corona, New York.

85.     Plaintiff Lillian Gates is a resident of Far Rockaway, New York.

86.     Plaintiff Aurilda Gerena is a resident of New York, New York.

87.     Plaintiff Carmen Gerena is a resident of Brooklyn, New York.

88.     Plaintiff Laura Giammarino is a resident of Brooklyn, New York.

89.     Plaintiff Theresa Godden is a resident of College Point, New York.

90.     Plaintiff Sandra Gomez is a resident of Woodside, New York.

91.     Plaintiff Basilia Pichardo Gonzalez is a resident of Brooklyn, New York.

92.     Plaintiff Maribel Gonzalez is a resident of Bronx, New York.

93.     Plaintiff Julia Goodwine is a resident of New York, New York.

94.     Plaintiff Renee D. Green is a resident of New York, New York.

95.     Plaintiff Rita Grimaudo is a resident of Brooklyn, New York.

96.     Plaintiff Cynthia Hair is a resident of Brooklyn, New York.

97.     Plaintiff Tasean Hayward is a resident of Bronx, New York.

98.     Plaintiff Josephine Henry is a resident of New York, New York.

99.     Plaintiff Sally Hernandez is a resident of Bronx, New York.

100.    Plaintiff Queta Hernandez is a resident of New York, New York.

101.    Plaintiff Marina Hernandez is a resident of Brooklyn, New York.

102.    Plaintiff Kathleen Horn is a resident of Brooklyn, New York.

103.    Plaintiff Lutchmin Horripersad is a resident of Bronx, New York.

104.    Plaintiff Nicole Hyppolite is a resident of New York, New York.

105.    Plaintiff Denise Jackson is a resident of Brooklyn, New York.

106.    Plaintiff Tanya Jilly is a resident of Bronx, New York.

107.    Plaintiff Kim A. Johnson is a resident of Brooklyn, New York.

108.    Plaintiff Sharlone Jones is a resident of New York, New York.

109.    Plaintiff Doris Jones is a resident of New York, New York.

110.    Plaintiff Necla F. Kasal is a resident of Forest Hills, New York.

111.    Plaintiff Frances Kikis is a resident of Whitestone, New York.

112.    Plaintiff Rachel King is a resident of New York, New York.

113.    Plaintiff Hattie Kirk is a resident of New York, New York.

114.    Plaintiff Diana Labra is a resident of New York, New York.

115.    Plaintiff Sandy Lee is a resident of Brooklyn, New York.

116.    Plaintiff Helen Lewis is a resident of New York, New York.

117.    Plaintiff Rosa Liranzo is a resident of New York, New York.

118.    Plaintiff Reddi Loganaden is a resident of Corona, New York.

119.    Plaintiff Pauline V. Lomax is a resident of Bronx, New York.

120.    Plaintiff Debra Lomax is a resident of Bronx, New York.

121.    Plaintiff Antoinette Y. Long is a resident of Brooklyn, New York.

122.    Plaintiff Elizabeth Lopez is a resident of New York, New York.

123.    Plaintiff Eileen Lorenzo is a resident of Brooklyn, New York.

124.    Plaintiff Marie Lugo is a resident of New York, New York.

125.    Plaintiff Elucia Maiorini is a resident of Staten Island, New York.

126.    Plaintiff Anita Malendez is a resident of Brooklyn, New York.

127.    Plaintiff Maryann Malloy is a resident of Brooklyn, New York.

128.    Plaintiff Teresa Mancino is a resident of Brooklyn, New York.

129.    Plaintiff Beatrice Manigo is a resident of New York, New York.

130.    Plaintiff Carmela Maniscalco is a resident of Brooklyn, New York.

131.    Plaintiff Leonora Marques is a resident of Bronx, New York.

132.    Plaintiff Meriyen Marquez is a resident of New York, New York.

133.    Plaintiff Gloriann Martinez is a resident of Brooklyn, New York.

134.    Plaintiff Gail Mason is a resident of Springfield Gardens, New York.

135.    Plaintiff Vanessa McDonald is a resident of New York, New York.

136.    Plaintiff Donnette McFarlane is a resident of New York, New York.

137.    Plaintiff Latoya McPhatter is a resident of Staten Island, New York.

138.    Plaintiff Cecilia Mendez is a resident of New York, New York.

139.    Plaintiff Rosalina Mercedes is a resident of Bronx, New York.

140.    Plaintiff Catherine Meredith is a resident of New York, New York.

141.    Plaintiff Eileen E. Merjave is a resident of Brooklyn, New York.

142.    Plaintiff Rosina Miello is a resident of New York, New York.

143.    Plaintiff Nereida Miranda is a resident of Brooklyn, New York.

144.    Plaintiff Linda Mitchell is a resident of Brooklyn, New York.

145.    Plaintiff Wanda Molina is a resident of Brooklyn, New York.

146.    Plaintiff Sandra Monsalve is a resident of Brooklyn, New York.

147.    Plaintiff Arlinda Monteiro is a resident of New York, New York.

148.    Plaintiff Wanda Morales is a resident of Bronx, New York.

149.    Plaintiff Goda Moustafa is a resident of Brooklyn, New York.

150.    Plaintiff Patricia R. Munro is a resident of Jamaica, New York.

151.    Plaintiff Dulee Narzan is a resident of New York, New York.

152.    Plaintiff Dolores A. Naughton is a resident of Woodside, New York.

153.    Plaintiff Marie Nelson is a resident of Brooklyn, New York.

154.    Plaintiff Leonora Nunez is a resident of Brooklyn, New York.

155.    Plaintiff Maria Ortiz is a resident of New York, New York.

156.   Plaintiff Jeannie Pabon is a resident of Brooklyn, New York.

157.   Plaintiff Iris Pabon is a resident of New York, New York.

158.   Plaintiff Zofia Paladino is a resident of Brooklyn, New York.

159.   Plaintiff Angela Palazzo is a resident of Brooklyn, New York.

160.   Plaintiff Margaret Pandolfini is a resident of Maspeth, New York.

161.   Plaintiff Maria Papayiannis is a resident of Brooklyn, New York.

162.   Plaintiff Jenny Parra is a resident of New York, New York.

163.   Plaintiff Patricia Parrella is a resident of Brooklyn, New York.

164.   Plaintiff Cora Parrish is a resident of New York, New York.

165.   Plaintiff Migdalia Perez is a resident of Brooklyn, New York.

166.   Plaintiff Olga I. Perez is a resident of Brooklyn, New York.

167.   Plaintiff Francine Piro is a resident of Brooklyn, New York.

168.   Plaintiff Kendall Pittman is a resident of New York, New York.

169.   Plaintiff Antoinette Porcello is a resident of New York, New York.

170.   Plaintiff Patricia Portis is a resident of Jamaica, New York.

171.   Plaintiff Hopal Powell is a resident of Brooklyn, New York.

172.   Plaintiff Mary Pratti is a resident of Brooklyn, New York.

173.   Plaintiff Greta Quinn is a resident of Brooklyn, New York.

174.   Plaintiff Wanda Randall is a resident of Bronx, New York.

175.   Plaintiff Jean M. Reirdon is a resident of Woodside, New York.

176.   Plaintiff Keisha T. Rice is a resident of Brooklyn, New York.

177.   Plaintiff Candace Richmond is a resident of Brooklyn, New York.

178.   Plaintiff Ellen Rigosi is a resident of Ridgewood, New York.

179.   Plaintiff Maritza Rivera-Donald is a resident of Bronx, New York.

180.   Plaintiff Rosae L. Riviera is a resident of Staten Island, New York.

181.   Plaintiff Nelly Rodriguez is a resident of Brooklyn, New York.

182.   Plaintiff Myriam Rojas is a resident of Malverne, New York.

183.   Plaintiff Ingrid B. Roldan is a resident of New York, New York.

184.   Plaintiff Carmen Roman is a resident of Brooklyn, New York.

185.   Plaintiff Denise Rosario is a resident of Bronx, New York.

186.   Plaintiff Doris Royal is a resident of Brooklyn, New York.

187.   Plaintiff Lucinda O. Sanchez is a resident of Staten Island, New York.

188.   Plaintiff Jessica Sanders is a resident of Bronx, New York.

189.   Plaintiff Margie Santiago is a resident of New York, New York.

190.   Plaintiff Tashawn Scotland is a resident of Bronx, New York.

191.   Plaintiff Ellen B. Sekulski is a resident of College Point, New York.

192.   Plaintiff Constance Senetas is a resident of New York, New York.

193.   Plaintiff Jenny Sewnanan is a resident of Glendale, New York.

194.   Plaintiff Denisia Simon is a resident of New York, New York.

195.   Plaintiff Jessie Smith is a resident of Brooklyn, New York.

196.   Plaintiff Felida Smith is a resident of Brooklyn, New York.

197.   Plaintiff Sharon Smith is a resident of Brooklyn, New York.

198.   Plaintiff Donna Spady is a resident of Long Island City, New York.

199.   Plaintiff Roseann Spero is a resident of Brooklyn, New York.

200.   Plaintiff Angela Spinelli is a resident of Brooklyn, New York.

201.   Plaintiff Ingrid Thomas St. Clair is a resident of Brooklyn, New York.

202.     Plaintiff Calliopi Stamoulis is a resident of Brooklyn, New York.

203.     Plaintiff Joni Stirling is a resident of Woodside, New York.

204.     Plaintiff Renee Stokley is a resident of Brooklyn, New York.

205.     Plaintiff Hanna Taveras is a resident of New York, New York.

206.     Plaintiff Natima Taylor is a resident of Brooklyn, New York.

207.     Plaintiff Patricia Thompson is a resident of Brooklyn, New York.

208.     Plaintiff Ivonne Torres is a resident of Woodside, New York.

209.     Plaintiff Carmen L. Torres is a resident of New York, New York.

210.     Plaintiff Corinna Casiano Torres is a resident of Bronx, New York.

211.     Plaintiff Kathryn Turchin is a resident of Staten Island, New York.

212.     Plaintiff Kelly Underwood is a resident of New York, New York.

213.     Plaintiff Sujery Valentin is a resident of New York, New York.

214.     Plaintiff Elsa B. Vargas is a resident of Brooklyn, New York.

215.     Plaintiff Marianela Vazquez is a resident of New York, New York.

216.     Plaintiff Mayra Vega is a resident of Jamaica, New York.

217.     Plaintiff Deborah Viera is a resident of Brooklyn, New York.

218.     Plaintiff Michelle White is a resident of Brooklyn, New York.

219.     Plaintiff Angela Wiechels is a resident of Brooklyn, New York.

220.     Plaintiff Shirley Williams is a resident of Brooklyn, New York.

221.     Plaintiff Mary R. Williams is a resident of Brooklyn, New York.

222.     Plaintiff Geraldine Williams is a resident of New York, New York.

223.     Plaintiff Justine Williams is a resident of Brooklyn, New York.

224.     Plaintiff Mary Wilson is a resident of New York, New York.

225.    Plaintiff Joan Wilson is a resident of Jamaica, New York.

226.    Plaintiff Contysha Wright is a resident of Brooklyn, New York.

227.    Plaintiffs were at all times School Crossing Guards employed by the City of New York, whose duties included, but were not limited to, the direction of traffic at intersections and/or congested traffic bottlenecks in lieu of, or supplemental to, traffic directions given by signals and or signage, to provide for the safe transit of pedestrians, motorists and bicyclists.

228.    Plaintiffs are/were "employees" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1) and the New York State and New York City Human Rights Laws.

229.    Plaintiffs bring their and state law causes of action on behalf of a class of similarly situated employees, to wit, non-managerial female employees of defendant who within the last three years were employed as School Crossing Guards.

230.    Plaintiffs also bring this action as a collective action.  Each person similarly situated to the plaintiffs who affirmatively opts into this action by filing a Notice of Consent was also employed by the Defendant within the three years prior to this complaint being filed, as a School Crossing Guard.  Each person similarly situated to the plaintiffs who affirmatively opts into this action by filing a Notice of Consent were School Crossing Guards who performed duties that included, but were not limited to, the direction of traffic at intersections and/or congested traffic bottlenecks in lieu of, or supplemental to, traffic directions given by signals and or signage, to provide for the safe transit of pedestrians, motorists and bicyclists.  This action is brought on behalf of plaintiffs above-named and all persons similarly situated who chose to opt in under procedures applicable to wage and hour claims, as determined by the Court.

231.    Defendant the City of New York ("NYC") is a New York State municipality with its main offices in the County of New York.

232.    Defendant NYC is engaged in interstate commerce, i.e. the consumption, sale, and transport of goods and services originating, in part, from across state-lines.

233.    The gross volume of Defendant NYC's sales of goods and services exceeds $500,000.00 annually.

234.    Defendant NYC is an "enterprise engaged in commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

## FACTS RELEVANT TO ALL CLAIMS

**Disparate Pay**

235.    NYC employs individuals classified as School Crossing Guards to ensure the safe transit of child pedestrians to and from school.

236.    School Crossing Guard positions are predominately staffed by females.

237.    School Crossing Guards are limited to 5 hour workdays.  See Executed Contract: School Crossing Guards, March 3, 2008 to March 2, 2010 ("Crossing Guard CBA"), attached hereto as Exhibit A.

238.    School Crossing Guards are uniformed employees of the NYC Police Department ("NYPD").

239.    Upon information and belief School Crossing Guards are typically deployed to intersections that see a relatively large volume of children bound to or from a public school entrance.

240.     During the hours of the day that School Crossing Guards are employed they are tasked with the direction of traffic at intersections and/or congested traffic bottlenecks in lieu of, or supplemental to, traffic direction given by signals and or signage, to provide for the safe transit of motorists, bicyclists, and pedestrians.

241.    Upon information and belief, NYC also employs Level II Traffic Enforcement Agents of the Traffic Enforcement Division to more generally (not necessarily near schools) ensure the safe transit of pedestrians and to ease the flow of traffic in the City.

242.    Upon information and belief, TEA IIs are typically deployed to intersections and traffic bottlenecks that see a high volume of motor vehicle traffic.

243.    TEA II's are also permitted to work 40 hours or more per week.  See Executed Contract" Traffic Enforcement Agents, et al., March 10, 2008 to March 15, 2010 ("TEA CBA"), attached hereto as Exhibit B.

244.    TEA IIs are uniformed members of the NYPD.

245.    TEA II positions are predominately staffed by males.

246.    The dissimilarities between School Crossing Guards and TEA IIs are insubstantial.  Upon deployment to the field their job responsibilities and functions are substantially the same:  they stand at intersections and aid pedestrians crossing the street.

247.    For no reason related to their responsibilities, School Crossing Guards, who are predominately female, are paid significantly less then their predominately male counterparts who are TEA IIs.

248.    As of January 2014, the incumbent pay rate for School Crossing Guards, at appointment, is $9.88 per hour.  See School Crossing Guard Collective Bargaining Agreement (CBA), Exhibit A, at p.2.  The top pay rate, after three years, was $12.90.

249.    As of January 2014, the incumbent pay rate for TEA IIs, at appointment, is $31,487,or an effective hourly rate of $15.13 per hour.  See Local 1182 CWA CBA, Exhibit B, at p.6.  The top pay rate, after one year, was $38,159, an hourly rate of $18.34.

250.    This disparity in pay, between predominately female Crossing Guards and predominately male TEA IIs, is a vestige of an era when working as a School Crossing Guard was a job given to women to supplement their family income.  The job progressed from the NYC Board of Education to the NYPD as its responsibilities became more like that of TEA IIs.  This disparity has been carried forward with the City's full knowledge and is justified only by the desire to "control labor costs."

**Class Allegations**

**A.      General Class Allegations**

251.    All of the individual Plaintiffs seek to maintain claims on their own behalves as well as on behalf of current and former School Crossing Guards who were/are employed by the City of New York, for violations of the NY State and NYC Human Rights Law, Section 296 of the NY Executive Law, and Section 8707 of the NYC Administrative Code.

252.    The Class Representative Plaintiffs and the class of female employees they seek to represent have been subjected to a pattern and practice of gender discrimination, and employment policies and practices which have had a continuing, unlawful disparate impact on them and their compensation.  Such gender discrimination consists of paying School Crossing Guards, who are predominately female, less then their male counterparts who perform substantially the same functions as TEA IIs.

253.    Further NYC demonstrates a willful pattern of discrimination against the class members by having full knowledge of the disparity in pay as evidenced by its explicit succession of CBAs that require different rates of pay for the same work.

254.    Because of Defendant's pattern or practice of gender discrimination, the Class Representatives and class they seek to represent have been adversely affected and have

experienced harm, including the loss of compensation and benefits as well as non-economic damages.

255.    The Class Representative and the class have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this is their only means of securing adequate relief.  The Class Representatives and the class are now suffering and will continue to suffer irreparable injury for  the City's ongoing, unlawful policy of paying Crossing Guards less then TEA IIs, unless that policy is enjoined by this Court.

256.    The class consists of all current and former female School Crossing Guards employed by the City of New York during the three years prior to the filing of this complaint. Upon information and belief there are thousands of such persons in the proposed class.

**B.    Efficiency of Class Prosecution of Common Claims**

257.    Certification of a class of female Crossing Guards is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Class Representatives and the proposed class.  The individual claims of the Class Representatives require resolution of the common question of whether NYC has engaged in a systemic pattern and/or practice of gender discrimination against female School Crossing Guards by paying them less then predominately male TEA IIs for doing substantially the same work. The Class Representatives seek remedies to eliminate the adverse effects of such discrimination in their own careers and working conditions as well as those of the proposed class.  Plaintiffs have standing to seek such relief because of the adverse effect that such discrimination has had on themselves individually and on female School Crossing Guards in general.  In order to gain such relief for themselves, as well as for the class members, Plaintiffs will first establish the existence of systemic gender discrimination as a the premise for the relief they seek.  Without

class certification, the same evidence and issues would be subject to re-litigation in a multitude if individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the proposed class of females is the most efficient and judicious means of presenting the evidence and arguments necessary to relieve such questions for the Class Representatives, the proposed class, and the City of New York.

**C.      Numerosity and Impracticability of Joinder**

258.    The class which the Class Representatives seeks to represent is too numerous to make joinder practicable.  Upon information and belief, the proposed class consists of thousands of current and former female NYC School Crossing Guards.

**D.      Common Questions of Law and Fact**

259.     The prosecution of the claims of the Class Representatives will require the adjudication of numerous questions of law and fact common to both the individual claims and those of the putative class sought.

260.    The common questions of law include, *inter alia*: whether NYC has engaged in unlawful, systemic gender discrimination by paying NYC School Crossing Guards, who are predominately female, less then TEA IIs, who are predominately male; whether NYC is liable for continuing systemic violation of the Equal Pay Act and the NY State and NYC Human Rights Laws, and the New York State Equal Pay Law; and a determination of the proper standards for proving a pattern or practice of discrimination by NYC against female School Crossing Guards.

261.    The common questions of fact include, *inter alia*: whether NYC through its policies and procedures (a) compensated female School Crossing Guards less then TEA IIs who are predominately male, (b) whether the responsibilities of School Crossing Guards and TEA IIs

are substantially the same, requiring equal skill, effort, and responsibilities, (c) whether one

gender dominates the workforce makeup of School Crossing Guards over TEA IIs, and (d)

whether NYC had knowledge of any such disparity in workforce composition and/or recklessly

disregarded such a disparity.

262.    The employment policies that the Class Representatives and class members are

subjected to  are set by the leadership of the City of New York through its Office of Labor

Relations in negotiation with unions and are established in Collective Bargaining Agreements, as

such all members of the class are subject to the same policies.

**E.    Typicality of Claims and Relief Sought**

263.    The claims of Class Representatives are typical of the claims of the class,  The

relief sought  by the Class Representatives for gender discrimination complained of herein is also

typical of the relied which is sought on behalf of the class.

264.    Like the members of the class, all of the class Representatives are or have worked

as School Crossing Guards for the City of New York.

265.    Discrimination in compensation affects the compensation of the Class

Representatives and all class members in the same exact fashion—all female School Crossing

Guards are or have been paid less then TEA IIs, who are largely male, for substantially the same

work.

266.    The relief necessary to remedy the claims of the Class representatives is exactly

the same as that necessary to remedy the claims of the class members in this case.

**F.    Adequacy of Representation**

267.    The Class Representatives' interests are co-extensive with those of the members

of the proposed class.  The Class Representatives seek to remedy NYC's discriminatory

22

compensation policies for School Crossing Guards.  Plaintiffs are willing and able to represent the proposed class fairly and vigorously as they pursue their won individual claims.

268.    The Class Representatives have retained counsel who are qualified, experiences, and able to conduct this litigation and meet the time and fiscal demands required to litigate an employment discrimination class action of this size and complexity.  The combined interests, experience, and resources of Plaintiffs' counsel to litigate competently the individual and class claims at issue in this case satisfy the adequacy of representation requirement of FRCP 23(a)(4).

**G.    Requirements of Rule 23(b)(2)**

269.    NYC has acted on grounds generally applicable to the Class representatives and the class by adopting a systemic policy that sees ALL female Crossing Guards paid less then their largely male counterparts in the TEA IIs for substantially the same exact work.  The City's systemic and longstanding abuse have made appropriate the requested final injunctive and declaratory relief with respect to the class as a whole.

270.    Injunctive and monetary relief are the predominant relief sought in this case because they are the culmination of the proof that NYC's individual and class wide liability and the essential predicate for the Class Representatives and the class members' entitlement to monetary and non-monetary relief.  Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of systemic gender discrimination against female School Crossing Guards.  Such relief is the factual and legal predicate for the Class Representatives' and the class members; entitlement to monetary and non-monetary remedies for individual losses caused by such systemic discrimination.

**H.      Requirements of Rule 23(b)(3)**

271.    The common issues of law and fact affecting the claims of Class Representatives and the proposed class members, including but not limited to the common issues identified herein, predominate over any issues affecting only individual claims.

272.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class Representative and members of the proposed class.

273.    The cost of proving NYC's pattern and practice of discrimination makes it impracticable for the Class Representatives and members of the proposed class to prosecute their claims individually.

**Collective Action Allegations**

274.    Plaintiffs bring collective violations of the EPA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of all members of the gender class – e.g. current, former, and future female School Crossing Guards employed by the City of new York during the 3 years prior to commencement of this action.  The EPA action includes all female School Crossing Guards who were not compensated at an equal rate of pay, by the Defendant, to male TEA IIs who performed substantially the same job functions, including, but not limited to, the direction of traffic at intersections in lieu of, or supplemental to, traffic direction given by signals and or signage, to provide for the safe transit of motorists, bicyclists, and pedestrians.

275.    Questions of law and fact common to the EPA Collective Action Plaintiffs as a whole include but are not limited to the following: (a) whether Defendant unlawfully failed and continues to fail to compensate female School Crossing Guards at a level commensurate to similarly situated predominately male TEA IIs, who perform substantially the same job

24

functions; (b) whether that failure violated applicable provisions of the EPA; and (c) whether Defendant's failure to compensate female School Crossing Guards on a par with similarly situated predominately male TEA IIs, who perform the same job functions, was willful within the meaning of the EPA.

276.    Counts for violation of the EPA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), for all claims asserted by the EPA Collective Action Plaintiffs because the claims of Plaintiffs are similar to the claims of the EPA Collective Action Plaintiffs.

277.    Plaintiffs and the Collective Action Plaintiffs (a) are similarly situated, *i.e.*, they had or have exactly the same job classification, as School Crossing Guard, and were responsible for the direction of traffic at intersections in lieu of, or supplemental to, traffic direction given by signals and or signage, to provide for the safe transit of pedestrians, motorists, and bicyclists; and (b) were or are subject to the Defendant's common policy of gender discrimination, i.e. paying predominately female School Crossing Guards at a rate of pay less then that paid to predominately male TEA IIs who perform the same work.

278.     The allegations set forth above are incorporated by reference into the causes of action below.

### AS AND FOR A FIRST CAUSE OF ACTION
### (INDIVIDUAL AND COLLECTIVE ACTION CLAIMS)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938,
### AS AMENDED BY THE EQUAL PAY ACT OF 1963 -
### DENIAL OF EQUAL PAY FOR EQUAL WORK
### 29 U.S.C. § 206, et seq.

279.    Defendant, an employer of Plaintiff and the EPA Collective Action Plaintiffs within the meaning of the Equal Pay Act, has discriminated against Plaintiff and EPA Collective

Action Plaintiffs in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206, *et seq.*, as amended by the Equal Pay Act of 1963 ("EPA"), by subjecting them to unequal pay on the basis of sex.

280.     Defendant has discriminated against Plaintiffs and the EPA Collective Action Plaintiffs by treating them differently from and less preferably then similarly-situated TEA IIs of the male dominated TED who performed jobs which required equal skill, effort, and responsibility, and which were performed under almost identical working conditions.  Defendant so discriminated by subjecting the Plaintiffs and Collective Action Plaintiffs to lower, discriminatory pay for essentially the same work.

281.     Defendant caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the EPA.  Moreover, Defendant knew or showed reckless disregard for the fact that its conduct was in violation of the EPA.

282.     As a result of Defendant's willful conduct, which continues through to the present day, Plaintiffs and the EPA Collective Action Plaintiffs have suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, other financial loss, and non-economic damages.

283.     Plaintiffs and the EPA Collective Action Plaintiffs are therefore entitled to all remedies available for violations of the EPA, including liquidated damages for all willful violations.

284.     Attorneys' fees should be awarded under 29 U.S.C. § 216, *et seq.*

**AS AND FOR A SECOND CAUSE OF ACTION**
**(INDIVIDUAL AND CLASS CLAIMS)**

**VIOLATION OF NEW YORK EXECUTIVE LAW § 296, subd. 1(a) –**
**GENDER DISCRIMINATION**

285.     This Cause of Action is brought on behalf of Plaintiffs and all members of the

class

286.     Defendant has discriminated against Plaintiffs and all members of the class in

violation of Section 296, subdivision 1(a) of the New York Executive Law, by subjecting them

to different treatment on the basis of their gender.

287.     Defendant has discriminated against Plaintiffs and members of the class by

treating them differently from and less preferably than similarly-situated employees of the male

dominated TED.

288.     As a result of Defendant's conduct, Plaintiffs and the members of the class have

suffered and continue to suffer harm, including but not limited to lost earnings. Lost benefits,

other financial loss, and non-economic damages.

289.     By reason of Defendant's discrimination, Plaintiffs and all members of the class

are entitled to all remedies available for violations of the New York Executive Law.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(INDIVIDUAL AND CLASS CLAIMS)**

**VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-107 –**
**GENDER DISCRIMINATION**

290.     This Cause of Action is brought on behalf of Plaintiffs and all members of the

class

291.    Defendant has discriminated against Plaintiffs and all members of the class in violation of Section 8-107, subdivision 1(a) of the New York City Administrative Code, by subjecting them to different treatment on the basis of their gender.

292.    Defendant has discriminated against Plaintiffs and members of the class by treating them differently from and less preferably than similarly-situated employees of the male dominated TED.

293.    As a result of Defendant's conduct, Plaintiffs and the members of the class have suffered and continue to suffer harm, including but not limited to lost earnings. Lost benefits, other financial loss, and non-economic damages.

294.    By reason of Defendant's discrimination, Plaintiffs and all members of the class are entitled to all remedies available for violations of the New York City Administrative Code, including an award of punitive damages.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(INDIVIDUAL AND CLASS CLAIMS)**

**VIOLATION OF NEW YORK EQUAL PAY LAW –**
**DENIAL OF EQUAL PAY FOR EQUAL WORK**
**N.Y. LABOR LAW § 194**

295.    This Cause of Action is brought on behalf of Plaintiffs and all members of the class

296.    Defendant, an employer of Plaintiff and all members of the class within the meaning of the New York Equal Pay Law ("EPL"), has discriminated against Plaintiff all members of the class in violation of New York Labor Law § 194, by subjecting them to unequal pay on the basis of sex.

297.    Defendant has discriminated against Plaintiffs and all members of the class by treating them differently from and less preferably then similarly-situated TEA IIs of the male

dominated TED who performed jobs which required equal skill, effort, and responsibility, and which were performed under almost identical working conditions.  Defendant so discriminated by subjecting the Plaintiffs and Collective Action Plaintiffs to lower, discriminatory pay for essentially the same work.

298.    Defendant caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the EPA.  Moreover, Defendant willfully violated the EPL by intentionally paying women less than men.

### TRIAL BY JURY

299.    Plaintiffs request a trial by jury on all claims asserted herein.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court:

1.    Certify plaintiffs as representatives of a class of persons similarly situated for litigation of the Title VII and state law claims;

2.    Enter such orders as are necessary to certify this case as a collective action under the Fair Labor Standards Act;

3.    Declare and adjudge that Defendant's employment policies, practices and/or procedures challenged herein are illegal and in violation of the Class Representatives and members of the class under the New York Executive Law, the New York Administrative Law, the EPA, and the EPL;

4.    Issue a permanent injunction against the Defendant and all persons acting in concert with them from engaging in any conduct violating the rights of Plaintiffs, class members, and collective action plaintiffs, and order such injunctive relief as will prevent Defendant from continuing its discriminatory practices and protect others similarly situated;

5.      Issue a permanent injunction against the Defendant and all persons acting in concert with them from engaging in any further unlawful practices, policies, customs usages, or gender discrimination as set forth herein;

6.      Enter judgment ordering Defendant to initiate and implement programs that will: (a) provide equal employment opportunities for all School Crossing Guards, (b) remedy the effect of the Defendant's past and present unlawful employment policies, and (c) eliminate the continuing effects of the discriminatory practices described above;

7.      Enter judgment ordering Defendant to establish a task force on equality and fairness to determine the effectiveness of the programs described in 6 above, which would provide for (a) monitoring, reporting, and retaining of jurisdiction to ensure equal employment opportunities, (b) the assurance that injunctive relief is properly implemented, and (c) a quarterly report setting forth information relevant to the determination of the effectiveness of the program described in 6 above;

8.      Enter judgment ordering Defendant to adjust the wage rates and benefits of School Crossing Guards to the same level as that of TEA IIs in the TED, and to allow School Crossing Guards to work more than 25 hours per week;

9.      Retain jurisdiction of the action until such time as the Court is satisfied that Defendant has remedied the practices complained of herein and is determined to be in full compliance with the law;

10.     Enter judgment awarding nominal, compensatory, and punitive damages to Plaintiffs, class members and the collective action plaintiffs;

11.    Enter judgment ordering Defendant to male whole Plaintiffs, class members and collective action plaintiffs by providing them with appropriate lost earnings and benefits, and other affirmative relief;

12.    Enter judgment ordering Defendants to pay liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), NY Labor Law §§ 198 and 663;

13.    Award litigation costs and expenses, including, but not limited to reasonable attorneys' fees, to Plaintiffs, the class members, and collective action plaintiffs;

14.    Grant Plaintiffs, the class members, and collective action plaintiffs such other and further relief as the Court deems proper and just.

Dated: New York, New York
       September 24, 2015

ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS
Attorneys for Plaintiffs

By:_____/s/_____
        Arthur Z. Schwartz (AS-2683)
         Richard Soto (RS-9661)
225 Broadway, Suite 1902
New York, New York 10007
 (212) 285-1400